UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DERRELL JONES,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                    16-CV-3140 (WFK)

                    -against-

NEW YORK CITY,

                    Defendant.
------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Derrell Jones ("Plaintiff"), currently being held at the Anna M. Cross Center on Rikers Island, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] By Memorandum and Order dated July 8, 2016, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff was granted thirty (30) days leave to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.[2] Plaintiff was directed to identify each individual defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. He was

---

[1] At the time of filing, Plaintiff was being held at the George Motchan Detention Center at Rikers Island.

[2] Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

1

further directed to set forth factual allegations that are personal to Plaintiff to support his claims against all individually named and to the best of his ability, describe each individual and the role he or she played in the alleged deprivation of his rights.

On August 17, 2016, a copy of the Court's July 8, 2016 Order was again mailed to Plaintiff at the Anna M. Kross Center on Rikers Island after a review of the New York City Department of Correction Inmate Lookup Service revealed that Plaintiff had apparently been transferred there. On August 30, 2016, Plaintiff filed a 4-page document, with attachments, that is not in the form of an amended complaint and that does not cure the deficiencies discussed in the Court's July 8, 2016 Order.

In light of this Court's duty to liberally construe *pro se* complaints and in an extreme abundance of caution, Plaintiff is granted an additional thirty (30) days leave from the date of this Order to file an amended complaint, as set forth in the Court's July 8, 2016 Order. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).³ The Clerk of Court is directed to send a copy of this Order, the Court's July 8, 2016 Memorandum and Order and a form civil rights complaint to Plaintiff. If Plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action

---

³ Plaintiff is reminded that "[t]o establish a malicious prosecution claim ... a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Stampf v. Long Island R. Co., 761 F.3d 192, 198 (2d Cir. 2014) (citation omitted). "[T]o be actionable under [§] 1983 there must be a post-arraignment seizure, the claim being grounded ultimately on the Fourth Amendment's prohibition of unreasonable seizures." Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." Stansbury v. Wertman, 721 F.3d 84, 94-95 (2d Cir. 2013) (citation omitted).

To the extent Plaintiff may wish to bring a claim for false arrest, he is further reminded that a false arrest claim, brought pursuant to § 1983 and the Fourth Amendment, requires him to prove "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012) (citation omitted). "To avoid liability for a claim of false arrest, an arresting officer may demonstrate that either (1) he had probable cause for the arrest, or (2) he is protected from liability because he has qualified immunity." Simpson v. City of New York, 793 F.3d 259, 265 (2d Cir. 2015).

shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 3, 2016
       Brooklyn, New York