IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Derrell Jones

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

A.D.A. Caroline Schneider
Police officer Matthew DeNicola
Modica, D

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**AMENDED**

**Complaint for Violation of Civil Rights**
**(Non-Prisoner Complaint)**

Case No. _____

*(to be filled in by the Clerk's Office)*

16-CV-3140 (WFK) (VMS)

Jury Trial:   ☐ Yes   ☑ No

*(check one)*

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  OCT 18 2016  ★

· 8:39 AM · RV·

BROOKLYN OFFICE

| NOTICE |
| --- |

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

10-11-2016 : Date   Date of my Arrest occur?
Was March 26, 2016. Time : 18:00
Place of occur 88-44-162 street
Police officer Matthew De Nicola was
the first officer on the scene When
officer matthew Walked up to me and,
my Wife We told Him that she fell
into a gate, he ask me to move Back
away from my Wife and Drop the scorf
and Put my hands, Behind my Back
I did so and then he Punch me in my
face for know reason at all after that
they Put me in a Van and asked my Wife
What happened she told them the same
thing, I had said the first time so officer
Matthew got made and Have my case
to another officer Witch is officer
P.O. Joseph Loiacono from the 103rd PCT
officer matthew did not see anything
happen that day he Lied for the
M.D.A. Just to get me prosecuted for a
faver for the M.D.A thats not White
here is Proof With the Motion to
suppress Evidence obtained, As a
Result of an Unlawful Arrest... the
M.D.A Did not Answer the Motion
Because I did not do anything to my
Wife I should not have Been Arrested

10-11-2016 : Date    This statement is for the A.D.A
A.D.A Caroline Schneider Domestic Violence
Bureau
                This District Attorney
This for Date 3-10-2016
is a Big Lier she told me if I Would
finnish a Program she Would Give me
and my Wif a Limited order of Protection
for 90 days Witch is PL 215.50 family Court
order of Protection not a felony order,
just Because she had Put the Wrong date
untit 2020 for five years she is making
the Court Beleave that she has a full
felony stayaway order of Protection
she is not showing the order of Protection
to anyone, I am sending Proof of that order
of Protection, right as of now i am going
to a fudge trial on the 3rd of Nov Nexed
Mounth With the same fudge Who
granted my Motion to suppress by
Unlawful Arrest. Because they see that
the A.D.A Doesn't have anything on me
she infact Did not Answer the Motion
Back Because my Wife told my Lawyer
the samthing I testifyed at the Grand
Jury and said so I told the truth she
did not she just keep on hieing to the Court
sending Proof of that

This is for 4-15-2016

3

10-11-2016 : Date This statement is for the Judge : Modica, D

I really feel the miss Modica Case do a Better Job with my Case by not Allowing my Case in her Courtroom after she Looked at my Charges she is still Leting the District Attorney keep my Case Going in supream Court Without Proof that anything Happened at all, so I really feel she Can do a Lot Better With my Case

Judge : miss Modica, D

Actually Granted me a hearing on "Huntley" and "Dunaway" V. "New york" and the A.D.A did not Answer the Motion at all to suppress Evidence obtained As a Result of an Unlawful Arrest

I would like my freedom Boack Please Because this is not right

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: Derell Jones

Street Address: 18-18- Hazen Street

City and County: EAst EmlHurst

State and Zip Code: New york 11370

Telephone Number:

E-mail Address:

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or (both.) Attach additional pages if needed.

Defendant No. 1

Name: A.D.A Caroline schneider

Job or Title (if known): District Attorney

Street Address: 125-01 Queens Blvd

City and County: Kew Gardens New york

State and Zip Code: 11415

Telephone Number: (718) 286 -5818

E-mail Address (if known):

Defendant No. 2

Name — CAROLINE SCHNEIDER

Job or Title (if known) — A.D.A

Street Address — 125-01 QueeNS BIVD

City and County — Kew GaRDeNS,

State and Zip Code — New York 11415

Telephone Number — (718) 286-5818

E-mail Address (if known) —

Defendant No. 3

Name — OFFiCER MAtthew DeNicolA

Job or Title (if known) — Police OFFicer

Street Address — 103 Precinct

City and County —

State and Zip Code —

Telephone Number —

E-mail Address (if known) —

Defendant No. 4

Name — Miss Modica, D

Job or Title (if known) — Judge

Street Address — QueeNS SupReAm Court

City and County — Part K15

State and Zip Code —

Telephone Number —

E-mail Address (if known) —

3

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑    State or local officials (a § 1983 claim)

☐    Federal officials (a *Bivens* claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4 And 14th United States Constitution
Amendments 4th And 14th New york
Constitution Article 1, Section 12.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

_____

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Court Part K15 April 1 2016

B. What date and approximate time did the events giving rise to your claim(s) occur?

4/15/2016   Domestic Violence Court
RAmAnded

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I should not have Been Arrested
But when the Arresting officer
Ran my name the A.D.A WAS calling
the Police officer Phone SENding
Proof of that

**IV.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and
state what medical treatment, if any, you required and did or did not receive.

Stressing me out
With lies

**V.    Relief**

State briefly what you want the court to do for you.   Make no legal arguments. Do not
cite any cases or statutes.  If requesting money damages, include the amounts of any
actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis
for these claims.

I am requesting money damages in
the amount of six million dollars
the Basis of my Claim is the loss of
my Liberty, Property my Apartment
my SSi income everything I own

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

**A.**     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _10 -12_, 20_16_

Signature of Plaintiff  _Derrell Jones_

Printed Name of Plaintiff _Derrell Jones_

such report or document relates thereto, or if such report or document was made by a person other than defendant, whom defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

## BILL OF PARTICULARS

The function of a bill of particulars is to define more specifically the crimes charged in the indictment. People v. Raymond G., 54 A.D.2d 596 (4th Dep't 1976). Thus, it is not to be used as a discovery device. People v. Davis, 41 N.Y.2d 678 (1977). The defendant has the right to be informed of the conduct which forms the basis for the accusation against him. People v. Fitzgerald, 45 N.Y.2d 574, 597-90 (1978).

The People herewith provide a bill of particulars, keeping in mind these additional principles: (a) the People are not required to include matters of evidence relating to how they intend to prove any factual information included in the bill of particulars, C.P.L. § 200.95; (b) the request for a bill of particulars is not to be used as a fishing expedition; C.P.L. § 200.95, Bellacosa, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 11A, CRIM. PROC. LAW § 200.95, p. 546 (1992); and (c) the test is not whether the information sought may be "useful" to the defendant, but whether such is "necessary" to adequately prepare to conduct the defense, and the burden is upon the defendant to demonstrate such. Hence, a bare statement of need is insufficient. C.P.L. § 200.95, Practice Commentary at 546, Bellacosa, J. (McKinney 1982).

    1. The substance of the defendant's conduct encompassed by the charges which the People intend to prove at trial on their direct case is as follows:

        Upon information and belief, the source being Police Officer Matthew DeNicola, on March 26, 2016, at approximately 17:20, in the vicinity of 89-44 162 Street, the defendant punched the complainant, Carlisa Watson, multiple times in her face and body, causing swelling, bleeding, and contusions. These actions violated a valid limited order of protection issued on behalf of the complainant against the defendant, issued on March 10, 2016, and valid until August 27, 2020.

    2. The People intend to prove that the defendant acted as: Principal.

The People oppose defendant's further requests because they are evidentiary in nature and beyond that which is required to be provided pursuant to C.P.L. § 200.95. In addition, some of the requested material is provided below pursuant to the Demand for Discovery.

7

Law.

## DEMAND FOR DISCOVERY

The People herein, pursuant to Section 240.20 of the Criminal Procedure Law, disclose to the defendant and make available for inspection, photographing, copying or testing, the following property:

a. Any written, recorded, or oral statement of the defendant, and of a co-defendant to be tried jointly, made, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him (C.P.L. §240.10(1)(a)):

> The defendant made the following statement(s) to law enforcement officials which the people intend to introduce on the trial of this indictment:
> Defendant:  DERRELL JONES
> Date: March 26, 2016
> Location: 103 Precinct
> Made to: P.O JOSEPH LOIACONO
> Substance of Statement: We were both drinking, she fell down into a gate and hit her head, that's how she got the cut

b. Any transcript of testimony relating to the criminal action or proceeding pending against the defendant given by the defendant or by a codefendant to be tried jointly, before any Grand Jury (C.P.L. §240.20 (1)(b)):

> The defendant's Grand Jury testimony is attached hereto.

c. Any written report or document or portion thereof, concerning a physical or mental examination, or scientific test or experiment relating to the criminal transaction which was made by, or at the request or direction of, a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial or which the people intend to introduce at trial (C.P.L. § 240.20(1)(c)):

> The demanded material is not in the District Attorney's possession but a diligent effort will be made to determine whether it is held elsewhere and, if so, it will be disclosed in a timely manner.

d. Any photograph or drawing relating to the criminal action or proceeding which was made or completed by a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the People intend to introduce at trial (C.P.L. §240.20(1)(d)):

> The following described property exists:
> Arrest Photo(s) of DERRELL JONES
> Other: Photograph(s) of Carlisa Watson's injuries
> Copies of the above described items are attached hereto.

e. Any photograph, photocopy or other reproduction made by or at the request of a police officer, peace officer, or prosecutor of any property prior to its release pursuant to the provisions of Section 450.10 of the Penal Law, irrespective of whether the People intend to introduce at trial the property or the photograph, photocopy or reproductions (C.P.L. § 240.20 (1)(e)):

> No such information exists.

f. Any property obtained from the defendant or from a codefendant to be tried jointly (C.P.L. §240.20 (1)(f)):

> No such information exists.

g. Any tapes or other electronic recordings which the prosecutor intends to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction. (C.P.L. §240.20 (1)(g)):

> The following above described property exists:
> 911 calls and NYC DOC recordings
> Copies of the above described recordings will be provided when defense counsel furnishes the District Attorney with the appropriate media for copying.

h. Anything required to be disclosed, prior to the trial, to the defendant by the prosecutor, pursuant to the constitution of this State or of the United States (C.P.L. (1)(h)):

> The following Brady Material is known to the People:
> On March 26, 2016, Carlisa Watson, the complainant, told police officers that she did not remember what happened.
> The People acknowledge the continuing obligation to provide Brady material should the same become known to us.

5



3/27/16

I Darrell Jones release + authorize Carlisa Watson to take possession of my Master Card Direct Express Card, Benefit Card and all loose papers.

x Darrell Jones

x Carlisa Watson

I accept full responsibility for above mentioned items.

Witness — P.B.

Sprint was purchased for Def. by PDLisaCono

Further, such statements were made without the defendant adequately receiving or understanding Miranda (384 U.S. 436) warnings.

A hearing, pursuant to Huntley, 15 N.Y. 2d 72 is requested.

## II.   MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN UNLAWFUL ARREST

On or about March 26, 2016 the defendant was arrested, without a warrant, by officers of the Queens County Police Department.

The arresting officers did not observe the defendant commit any criminal act nor did they have any reasonably trustworthy information which supported the conclusion that the defendant had committed a criminal act.  The arrest was thus without probable cause and in violation of defendant's constitutional rights.  United States Constitution Amendments IV and XIV; New York Constitution, Article I, Section 12.

All evidence obtained as a result of and due to the exploitation of an unlawful arrest must be suppressed as "tainted fruit" of the constitutional violation.  Wong Sun v. United States, 371 U.S. 471 (1963) (tangible property seized subsequent to an unlawful arrest); Dunaway v. New York, 442 U.S. 200 (1979) (evidence of statements; United States v. Crews, 445 U.S. 463 (1980) (identification evidence).

The defendant therefore moves, pursuant to CPL §710.20(1), (3) and (5), to suppress all evidence (including physical evidence, statements and identification evidence) obtained due to the exploitation of his unlawful arrest.

The defendant further requests that this motion to suppress be granted summarily pursuant to CPL §710.60(2).  In the alternative, the defendant requests a hearing pursuant to CPL §710.60(4) to aid the Court in determining the issues raised herein.  Dunaway v. New York,

A.D.A Did not ANSwer 9-22-2016

the Motion 2

Going to TiAL

ON September 22, 2016

BY Judge

Part K15

11-3-2016

Subject to the resolution of the aforesaid motions, the defendant reserves the right to speedily move to suppress any other unlawfully seized evidence, upon discovery of such evidence. The defendant reserves the right to request an adjournment after pre-trial hearings and to investigate information developed at said hearing, pursuant to People v. Peacock, 31 N.Y. 2d 907.

No prior application for the relief herein requested has been made.

**WHEREFORE**, your affirmant respectfully requests that the foregoing motions be granted and for such other and further relief as to this Court may deem just and proper.

Dated:  Westbury, New York
        April 26, 2016

                                              _____
                                              LORI GOLOMBEK, ESQ.

| No Victims for Complaint # 2016-103-02410 |
|---|

| No Witnesses for Complaint # 2016-103-02410 |
|---|

| No Reporters for Complaint # 2016-103-02410 |
|---|

| No Wanteds for Complaint # 2016-103-02410 |
|---|

**ARRESTS:** Complaint # 2016-103-02410

| Arrest ID | Status | Defendant Name | Sex | Race | AGE | Arrest Date |
|---|---|---|---|---|---|---|
| Q16615201 | ACTIVE | JONES, DERRELL | MALE | BLACK | 41 | 03/26/2016 |

| No Property Data for Complaint # 2016-103-02410 |
|---|

| No Evidence Data for Complaint # 2016-103-02410 |
|---|

| No IMEI Data for Complaint # 2016-103-02410 |
|---|

| No Vehicles for Complaint # 2016-103-02410 |
|---|

**NOTIFICATIONS / ADDITIONAL COPIES:** Complaint # 2016-103-02410

| No Notifications | No Additional Copies |
|---|---|

| Reporting/Investigating M.O.S. Name: | Tax #: 000000 | Command: | Rep.Agency: |
|---|---|---|---|
| Supervisor Approving Name: | Tax #: 000000 | Command: | Rep.Agency: |
| Complaint Report Entered By: POF PILKINGTON | Tax #: | Command: 103 PCT | Rep.Agency: NYPD |
| Signoff Supervisor Name: | Tax #: 000000 | Command: | Rep.Agency: |

| END OF COMPLAINT REPORT # 2016-103-02410 |
|---|

Print this Report

| Arresting Officer Name:<br>POM LOIACONO, JOSEPH | Tax #: | Command:<br>103 | Agency:<br>NYPD |
|---|---|---|---|
| Supervisor Approving:<br>SGT FIDANZA STEPHA | Tax #: | Command:<br>103 | Agency:<br>NYPD |
| Report Entered by:<br>POF PILKINGTON, VA | Tax #: | Command:<br>103 | Agency:<br>NYPD |

**END OF ARREST REPORT**
**Q16615201**

```
Print this Report
```

Queens County District Attorney
## Intake Bureau Crime Report
## Domestic Violence Case
### Civilian Witness

| Injury | Treatment Type | Dt Treated | Place Treated |
|---|---|---|---|
| BLEEDING LACERATION/ CONTUSION | HOSPITAL | 03/26/2016 | JAMAICA  HOSPITAL |

Page 5 of 10

Queens County District Attorney
## Intake Bureau Crime Report
## Domestic Violence Case
### Messages

| | | | |
|---|---|---|---|
| SOPHIA VILLACRESES | INTAKE | 3/26/2016 8:18:00 PM | ADA/Paralegal assigned to this case: SOPHIA VILLACRESES |
| SOPHIA VILLACRESES | INTAKE | 3/26/2016 8:17:00 PM | Crime Report Required |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM: PART:

------------------------------------------------------------------ X

THE PEOPLE OF THE STATE OF NEW YORK

                                                    IND #: 784/2016

        -against-

**DERRELL JONES**

                Defendant.

------------------------------------------------------------------ X

### NOTICE OF INTENTION TO OFFER AT TRIAL EVIDENCE OF A STATEMENT(S) MADE BY THE DEFENDANT TO A PUBLIC SERVANT PURSUANT TO CPL § 710.30(1)(a)

**PLEASE TAKE NOTICE,** that the People intend to offer at trial the ORAL statement made by the defendant to PO LOIACONO on March 26, 2016, at approximately 6:20 PM, at 103 PRECINCT.

The substance of defendant's statement(s) is

**WE WERE BOTH DRINKING, SHE FELL DOWN INTO A GATE AND HIT HER HEAD, THATS HOW SHE GOT THE CUT**

DATED:  Kew Gardens, New York
        April 4, 2016

                                    Respectfully submitted,

                                    RICHARD A. BROWN
                                    DISTRICT ATTORNEY
                                    QUEENS COUNTY

                            BY: _____

                                    **CAROLINE SCHNEIDER**
                                    Assistant District Attorney
                                    DOMESTIC VIOLENCE Bureau
                                    (718) 286-5818
                                    CCSchneider@queensda.org

TO:  Clerk of the Court, PART

     Attorney for Defendant
     DOROTHY RIORDAN HUGHES
     QUEENS LAW ASSOCIATES
     118-21 QUEENS BOULEVARD
     SUITE 212
     FOREST HILLS, NY 11375

*not going to use statement from sep 22, 2016*



NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **4000386878**

| Invoicing Command | | | | Invoice Status |
|---|---|---|---|---|
| **103TH PCT.** | | | | **OPEN** |

| Invoice Date | Property Type | Property Category |
|---|---|---|
| **03/27/2016** | **GENERAL PROPERTY** | **SAFEKEEPING** |

| Officers | Rank | Name | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing | POM | LOIACONO, JOSEPH | 956048 | 103RD PRECINCT | OCME. EU No: |
| Arresting | POM | LOIACONO, JOSEPH | 956048 | 103RD PRECINCT | OCME. FB No. |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No. |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | HEADPHONE | 1202592370 | 1 | |
| | | COLOR: ASSORTED COLORS MAKE: SENTRY | | | |
| | | SENTRY EARBUDS | | | |
| 2 | 1 | CELL PHONE | 1202592370 | 1 | |
| | | COLOR: BLACK MAKE: LG MODEL: LS740 | | | |
| | | IMEI #: 357658064298239 | | | |
| | | 1 BLACK LG PHONE WITH MINOR SCRATCHES ON FRONT | | | |
| | | SC | | | |
| 3 | 1 | CELL PHONE - ACCESSORIES | 1202592370 | 1 | |
| | | COLOR: ASSORTED COLORS | | | |
| | | BLACK/RED CELL PHONE CASE | | | |

**REMARKS:**
956048 03/27/2016 03:14 : ABOVE ITEMS ARE BEING VOUCHERED AS SAFEKEEPING

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|
| 03/26/2016 | ?/ORDER PROTECTION-VIO | MISDEMEANOR | N/A | | ACCEPTED |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|---|
| 1 | JONES, DERRELL | 03/14/1975 | 41 | 160-11 89 AVENUE, QUEENS, NY | Q16615201 | 07312436J |

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | | | | |
| Owner(s) | JONES, DERRELL | | 160-11 89 AVENUE, QUEENS, NY | |
| Complainant(s) | PSNY | | | |

| Complaint No. | 2016-103-02410 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |



Invoice No. **4000386878**

PCD Storage No. --

**Property Clerk Copy**
printed: 03/27/2016 0:35

Page No. 1 of 2



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **4000386878**

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | LOIACONO, JOSEPH | 956048 | 103RD PRECINCT | 03/27/2016 | 03:03 |
| Invoicing Officer | POM | LOIACONO, JOSEPH | 956048 | 103RD PRECINCT | 03/27/2016 | 03:33 |
| Approved By | SGT | CHANG, KENGMING | 918762 | 103RD PRECINCT | 03/27/2016 | 03:33 |



Invoice No. **4000386878**

PCD Storage No. ⚊

**Property Clerk Copy**
printed: 03/27/2016 03:35

Page No. **2 of 2**

Criminal Form 1 12/2013

ORI No: NY040033J
Order No: 2016-006969
NYSID No: 07312436J
CJTN No: _____

At a term of the New York City Criminal Court, Queens County Branch, County of Queens, at the Courthouse at 125-01 Queens Blvd., Kew Gardens, NY 11415, State of New York

PRESENT: Honorable Bruna L. DiBiase

ORDER OF PROTECTION
Family Offenses - C.P.L. 530.12

PEOPLE OF THE STATE OF NEW YORK
- against -

☐ Youthful Offender (check if applicable)
Part: AP4                    Case No.: 2015QN042984

JONES DERRELL
Defendant

Defendant Present in Court

DOB: 03/14/1975

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.

☐ TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection

☒ ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]:

PL 215.50 AM, 1 count(s) of A Misd .

And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,
IT IS HEREBY ORDERED that the above-named defendant JONES DERRELL (DOB: 03/14/1975) observe the following conditions of behavior:

[02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against CARLISA WATSON;

[12]   Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: ALL and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than IMMEDIATELY at LOCAL PRECINCT;

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13B] revoked, and [13C] the Defendant shall remain ineligible to receive a firearm license during the period of this order.
IT IS FURTHER ORDERED that this order of protection shall remain in force until and including 08/27/2020.

DATED: 03/10/2016

☒ Defendant advised in Court of issuance and contents of Order.
☐ Order to be served by other means [specify]: _____
☐ Warrant issued for Defendant
☒ Order personally served on Defendant in Court

Honorable ___ L. DiBiase

_____
(Defendant's signature)

☐ ADDITIONAL SERVICE INFORMATION [specify]: _____
The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.
Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).
It is a federal crime to:
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. 922(g)(8), §§922(g)(9), 2261, 2261A, 2262).

use as a defense in an appropriate case; its absence did not have to be proved by the prosecution. People v Sylla, 792 N.Y.S.2d 764, 2005 N.Y. Slip Op 25031, 2005 N.Y. Misc. LEXIS 92 (N.Y. App. Term), app. denied, 4 N.Y.3d 857, 797 N.Y.S.2d 431, 830 N.E.2d 330, 2005 N.Y. LEXIS 1395 (N.Y. 2005).

Accusatory instrument charging defendant with criminal contempt in the second degree, under N.Y. Penal Law CLS Penal § 215.50(3), for willfully refusing to obey a subpoena, had to include both a copy of the subpoena in question and a supporting deposition that mirrored the proof of service requirements set forth in N.Y. C.P.L.R. CLS Penal § 306, which proved the element of defendant's awareness of the subpoena at the time of its alleged violation. People v Griffin, 809 N.Y.S.2d 814, 2005 N.Y. Slip Op 25466, 234 N.Y.L.J. 92, 2005 N.Y. Misc. LEXIS 2427 (N.Y. City Crim. Ct. 2005).

When defendant was charged with criminal contempt in the second degree, under N.Y. Penal Law CLS Penal § 215.50(3), for willfully refusing to obey a subpoena, the informations filed against her had to include both a copy of the subpoena in question and a supporting deposition that mirrored the proof of service requirements set forth in N.Y. C.P.L.R. CLS Penal § 306, to prove the element of her awareness of the subpoena at the time of its alleged violation, and, when the informations did not include this information, they had to be dismissed for facial insufficiency, under N.Y. Crim. Proc. Law §§ 100.15 and 100.40. People v Griffin, 809 N.Y.S.2d 814, 2005 N.Y. Slip Op 25466, 234 N.Y.L.J. 92, 2005 N.Y. Misc. LEXIS 2427 (N.Y. City Crim. Ct. 2005).

Charges of second degree criminal contempt, N.Y. Penal Law CLS Penal § 215.50(3), and fourth degree stalking, N.Y. Penal Law CLS Penal § 120.45(2) were dismissed because the order of protection at issue directed that defendant have no contact with mother of his children, but did not restrain defendant from having contact with the individuals listed on the complainant's social internet account, which were the allegations underlying the charges; defendant was not directed to stay away from the complainant's friends and family. Further, there was no allegation that the communications at issue lacked a legitimate purpose and there was no allegation that defendant engaged in a course of conduct. People v Welte, 920 N.Y.S.2d 627, 2011 N.Y. Slip Op 21125, 2011 N.Y. Misc. LEXIS 1439 (N.Y. J. Ct. 2011).

Information charging defendant with criminal contempt in the second degree under N.Y. Penal Law CLS Penal § 215.50(3) was not jurisdictionally defective for failing to state that the crime did not arise out of a labor dispute because reference to N.Y. Jud. Ct. Acts Law CLS Penal § 753-a was required for a complete definition of the multiple circumstances constituting labor disputes, and the legislature did not require negation of each of those alternatives in every accusatory instrument under N.Y. Penal Law CLS Penal § 215.50(3); the labor disputes clause is a proviso that an accused may raise in defense of the charge rather than an exception that must be pleaded in the accusatory instrument. People v Santana, 7 N.Y.3d 234, 818 N.Y.S.2d 842, 2006 N.Y. Slip Op 5155, 851 N.E.2d 1193, 2006 N.Y. LEXIS 1762 (N.Y. 2006).

Justice in local criminal court had jurisdiction over second degree criminal contempt prosecution arising out of alleged violation of Family Court's custody and visitation order, and thus was absolutely immune from lawsuit asserting civil rights and malicious prosecution claims as result of that prosecution. Brady v Marks, 7 F. Supp. 2d 247, 1998 U.S. Dist. LEXIS 9244 (W.D.N.Y. 1998).

### 2. Constitutional considerations

A defendant could not properly be prosecuted in criminal court under Penal Law CLS Penal § 215.50 on a charge of criminal contempt in the second degree for allegedly violating a Family Court order of protection prohibiting him from striking, threatening or harassing his wife, where the Family Court would be the proper forum to enforce its orders in family offense proceedings, and where due process would require an adherence to the Family Court contempt provisions under which the defendant had been warned that he could receive up to a six-month jail sentence for willfully failing to obey the order, not the one year potential jail sentence provided for in the criminal contempt statute; thus the wife's three options, once the assault occurred subsequent to issuance of the order of protection, were to file a violation of the order of protection pursuant to Family Ct Act CLS Penal § 846, to file a new petition in the Family Court alleging assaultive conduct, or to commence an assault proceeding in the criminal court. People v Mosley, 121 Misc. 2d 4, 467 N.Y.S.2d 146, 1983 N.Y. Misc. LEXIS 3860 (N.Y. City Crim. Ct. 1983).

Defendant charged with criminal contempt under CLS Penal § 215.50(3) for threatening wife over telephone in violation of temporary order of protection (TOP) had standing to raise constitutional objections to statute authorizing issuance of TOP even though initial TOP he was accused of violating was no longer in effect. People v Forman, 145 Misc. 2d 115, 546 N.Y.S.2d 755, 1989 N.Y. Misc. LEXIS 598 (N.Y. City Crim. Ct. 1989).

In prosecution for second degree criminal contempt in violation of CLS Penal § 215.50(3) based on violation of Family Court order of protection, court would reject contention that prosecution in Criminal Court would violate due process because defendant was advised, in Family Court proceeding, that violation of order of protection could result in jail sentence of up to 6 months whereas penal statute carried jail sentence of up to one year, since apparent disparity had been dealt with in CLS Penal § 215.54. People v Jhon, 150 Misc. 2d 842, 570 N.Y.S.2d 427 (N.Y. City Crim. Ct. 1991).

Order of protection issued in another state can serve as predicate for charge of second degree contempt under CLS Penal § 215.20(3) provided party seeking to enforce order shows that defendant was afforded due process before order was issued and was apprised by proper service of contents of order; further, New York court would have jurisdiction of such charge bottomed on allegation of violation of out-of-state order of protection since CLS CPL § 20.20(1)(a) confers jurisdiction on New York criminal courts



**Richard A. Brown**
District Attorney

DISTRICT ATTORNEY
QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568

NO RECORD
Based on Information Given
MAR 3 1 2016
CRIMINAL RECORDS SECTION
AIDED UNIT

(718) 286-6000
www.queensda.org

## REQUEST FOR DOCUMENTS IN LIEU OF SUBPOENA DUCES TECUM

Police Commissioner, N.Y.P.D.                    Date: March 28, 2016
One Police Plaza, New York, NY  10038

People v. **DERRELL JONES**
Docket No: 2016QN014581

The above criminal action is being prosecuted by our office.  Pursuant to Chief of Department Memo Number three (3) dated October 22, 1990, the People hereby request the records listed below:

DATE INFORMATION REQUIRED BY: **APRIL 1, 2016**

| | | | |
|---|---|---|---|
| DEFENDANT'S NAME: | **DERRELL JONES** | NYSID #: | **07312436J** |
| DOB: | **March 14, 1975** | ARREST #: | **615201/16** |
| CHARGE: | **§PL 215.51** | CRIME: | **CRIMINAL CONTEMPT 1** |
| ARRESTING OFFICER: | **PO JOSEPH LOIACONO** | PCT: | **103** |
| DATE OF OCC: | **March 26, 2016** | TIME: | **18:00** |
| PLACE OF OCC: | **88-44 162 STREET** | | |
| DATE OF ARREST: | **March 26, 2016** | | |
| PLACE OF ARREST: | **89-44 162 STREET** | | |

**AIDED CARD #: N/A  FOR CARLISA WATSON
C/W WAS TAKEN TO JAMAICA HOSPITAL**

This (These) items will be <u>picked up by a representative</u> from the Queens District Attorney's Office

for:

**A.D.A. CAROLINE SCHNEIDER, Domestic Violence Bureau**
Telephone #: **(718) 286-5818**
CCSchneider@queensda.org
Thank you for your assistance in this matter.

Queens County District Attorney
## Intake Bureau Crime Report
## Domestic Violence Case
### Messages

| SYSTEM | SYSTEM | 3/27/2016 9:43:00 AM | The affidavit was faxed from the precinct on 3/27/2016 at 9:43 AM. This was probably signed since Intake had already approved the affidavit. |
|---|---|---|---|
| SHLOMIT METZ | INTAKE | 3/27/2016 9:21:00 AM | Affidavit Has Been Approved |
| SYSTEM | SYSTEM | 3/27/2016 8:31:00 AM | Paperwork was faxed from the precinct on 3/27/2016 at 8:31 AM. |
| MARGARET CHEU | INTAKE | 3/27/2016 8:02:00 AM | ADA/Paralegal assigned to this case: MARGARET CHEU |
| SOPHIA VILLACRESES | INTAKE | 3/26/2016 10:52:00 PM | a/o is on transport and has not spoken to the cv. A/ o will contact cv and will callback - SV 2111 a/o is at the hospital with the def and still has not reached out to the c/v - SV 2238 a/o is not answering his phone. Po Denicola's shift is over and is not working until 3/27/2016. - SV 2251 |
| SOPHIA VILLACRESES | INTAKE | 3/26/2016 10:38:00 PM | a/o is on transport and has not spoken to the cv. A/ o will contact cv and will callback - SV 2111 a/o is at the hospital with the def and still has not reached out to the c/v - SV 2238 |
| QCDA | SYSTEM | 3/26/2016 9:46:00 PM | This is a Domestic Violence Case. Please note: 1. a corrob is required. 2. On page 2 of the DIR, the victim's name, suspect's name, incident date, and county (``QUEENS``) MUST ALL BE FILLED IN. 3. If the victim does not speak english, a certificate of translation from someone who read her the complaint is needed. 3. If there is a physical injury or property damage (e.g, phone ripped from a wall,) a digital photo MUST be taken. 4. Please voucher the Order of Protection if it physically on the defendant. |
| SOPHIA VILLACRESES | INTAKE | 3/26/2016 9:11:00 PM | a/o is on transport and has not spoken to the cv. A/ o will contact cv and will callback - SV 2111 |
| Intake | System | 3/26/2016 9:10:00 PM | Welcome to the Queens District Attorney's office Complaint Typing System. Please call Intake once you fax your paperwork. You may also receive additional messages providing you with instructions on processing this case. |
| Officer | PD | 3/26/2016 9:10:00 PM | Officer Contact Information. PD Contact Person: LOIACONO; Command Phone Number: ; Cell Phone Number |
| System | System | 3/26/2016 8:21:00 PM | |

*[handwritten: Malicious Prosecution Claim]*

*[handwritten in right margin: Shows the M.D.A. trying to push my case through]*

# I N D I C T M E N T

## S U P R E M E   C O U R T   O F   T H E   S T A T E   O F   N E W   Y O R K
### C O U N T Y   O F   Q U E E N S

------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

DERRELL JONES
    DEFENDANT
      2016QN014581
        NYSID# 07312436J

FILED:
INDICTMENT NO. 784/2016

------------------------------------------

PL 215.52-1    AGGRAVATED CRIMINAL CONTEMPT (1)
PL 215.51-BV   CRIMINAL CONTEMPT IN THE FIRST DEGREE (2)
PL 120.00-1    ASSAULT IN THE THIRD DEGREE (3)
PL 205.30      RESISTING ARREST (4)

A TRUE BILL

-------------------------------                    DISTRICT ATTORNEY
  FOREMAN

# New York State Unified Court System

## WebCriminal

## Case Details - Summary

**CASE INFORMATION**

Court: **Queens Supreme Court - Criminal Term**
Case #: **00784-2016**
Defendant: **Jones, Derrell**

---

**Defendant**

Name: **Jones, Derrell**
Birth Year: **1975**
NYSID: **7312436J**

---

**Incident and Arrest**

**Incident**
Date: **March 26, 2016**
CJTN: **67581953J**

**Arrest**
Date & Time: **March 26, 2016 18:00**
Arrest #: **Q16615201**

**Officer**
Agency: **NYPD**
Command: **103**

---

**Attorney Information**

**Defense Attorney**
Name: **Golombek, L**
Type: **18B (Assigned)**
Court Date: **April 25, 2016**
Court Part: **K15**
Address: **400 Post Avenue, Westbury, NY 11590**
Phone: **516 - 334 - 2120**

**Assistant District Attorney**
Name: **Schneider, C**
Assigned: **April 25, 2016**

---

**Next Appearance**

Date: **September 22, 2016**
Court: **Queens Supreme Court - Criminal Term**
Judge: **Modica, D**
Part: **K15**

---

**Docket Sentence**

**No Sentence Information on File**

# New York State Unified Court System

## WebCriminal

### Case Details - Appearances

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Queens Supreme Court - Criminal Term** |
| Case #: | **00784-2016** |
| Defendant: | **Jones, Derrell** |

| Date/ Part | Judge | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 09/22/2016 K15 | Modica, D | TRIALS AM | No Type | | |
| 08/09/2016 K15 | Modica, D | TRIALS AM | No Type | Conti, D | Adjourned - Temporary Order Of Protection Issued Same Bail Conditions |
| 06/27/2016 K15 | Modica, D | TRIALS AM | No Type | Samms, | Adjourned - Temporary Order Of Protection Issued Same Bail Conditions |
| 06/22/2016 K15 | Modica, D | TRIALS AM | No Type | Samms, | Adjourned - Temporary Order Of Protection Issued Same Bail Conditions |
| 04/25/2016 K15 | Modica, D | TRIALS AM | No Type | Belmonte, C | Adjourned - Temporary Order Of Protection Issued Bond $150,000 Cash $150,000 (Not Posted) |
| 04/15/2016 K15 | Modica, D | ARRAIGNMENTS | Indictment - Domestic Violence Case | Wilson, | Pled Not Guilty - Temporary Order Of Protection Issued Remanded |
| 04/05/2016 GRAND JURY | | MISCELLANEOUS | No Type | | True Bill - Temporary Order Of Protection Issued Remanded |

# New York State Unified Court System

## WebCriminal

## Case Details - Charges

### CASE INFORMATION

Court:        **Queens Supreme Court - Criminal Term**
Case #:       **00784-2016**
Defendant:    **Jones, Derrell**

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 205.30 00 | **A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge**<br>Description: *Resisting Arrest*<br>Indictment Count: *4*<br>Date Added: *04/15/2016* | |
| PL 120.00 01 | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description: *Aslt W/Int Causes Phys Injury*<br>Indictment Count: *3* | |
| PL 215.52 01<br>**TOP CHARGE** | **D Felony, 1 count, Not an arrest charge, Not an arraignment charge**<br>Description: *Agg Contempt-violate Op-injury*<br>Indictment Count: *1*<br>Date Added: *04/15/2016* | |
| PL 215.51 B5 | **E Felony, 1 count, Not an arrest charge, Not an arraignment charge**<br>Description: *Crim Contempt-1st:phy Contact*<br>Indictment Count: *2*<br>Date Added: *04/15/2016* | |

# New York State Unified Court System

## WebCriminal

### Case Details - Motions

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Queens Supreme Court - Criminal Term** |
| Case #: | **00784-2016** |
| Defendant: | **Jones, Derrell** |

**Motions**

| Date | Court Part | Type | Disposition | Activity | Date Filed |
|---|---|---|---|---|---|
| 04/27/2016 | K15 | OMNIBUS | | | |